Gregory J. Marshall (019886)
Melissa A. Marcus (025209)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona  85004-2202
Telephone: (602) 382-6000
gmarshall@swlaw.com
Attorneys for Wells Fargo Bank, N.A. d/b/a America's
Servicing Company

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICIA BLAU,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK d/b/a AMERICA'S SERVICING COMPANY; U.S. BANK, N.A.; BNC MORTGAGE, LEHMAN BROS, INC.; AURORA LOAN SERVICES; LEHMAN BROTHERS BANK, FSB; LEHMAN BANCORP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); TIFFANY & BOSCO; GUARANTY TITLE SERVICE; ARIZONA LOAN CENTER, INC.; AND JOHN DOES 1-1000,<br><br>Defendants. | No. 08-0773-PHX-MHM<br><br>**WELLS FARGO BANK, N.A.'S SEPARATE ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

In response to the Plaintiff's Third Amended Complaint, Wells Fargo Bank, N.A. ("Wells Fargo") admits, denies, and alleges as follows:

1.    Answering Paragraph 1, these allegations relate to defendants and/or claims that have been dismissed, and therefore require no response from Wells Fargo.

2.    Answering Paragraph 2, the allegations supporting the Plaintiff's fraud claim against Wells Fargo do not appear to meet the amount in controversy requirement for diversity of citizenship jurisdiction, and so this Court may lack subject matter

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

jurisdiction.   Wells Fargo denies that jurisdiction is proper pursuant to the statutes referenced.  Wells Fargo denies any remaining allegations.

3.     Answering Paragraph 3, Wells Fargo admits the allegations upon information and belief.

4.     Answering Paragraph 4, Wells Fargo admits that it is a national banking association and that it services mortgage loans through its d/b/a America's Servicing Company.  Wells Fargo denies the remaining allegations.

5.     Answering Paragraphs 5 – 19, these allegations relate to defendants and/or claims that have been dismissed, and therefore require no response from Wells Fargo.

6.     Answering Paragraph 20, Wells Fargo admits that the Plaintiff re-financed her home loan by signing a promissory note on August 8, 2005 with defendant BNC Mortgage, Inc.  Wells Fargo denies any remaining allegations.

7.     Answering Paragraphs 21 – 69, these allegations relate to defendants and/or claims that have been dismissed, the allegations violate Fed. R. Civ. P. 8(a), and therefore require no response from Wells Fargo.

8.     Answering Paragraph 76, Wells Fargo admits offering the Plaintiff alternatives to bring her mortgage loan current, but that she defaulted on her mortgage payments causing Wells Fargo to institute foreclosure proceedings pursuant to her promissory note and deed of trust.  Wells Fargo denies any remaining allegations.[1]

9.     Answering Paragraph 77, Wells Fargo admits that the Trustee recorded a Notice of Trustee's Sale dated February 12, 2008 and scheduled the foreclosure for May 15, 2008.  Wells Fargo denies any remaining allegations.

10.     Answering Paragraph 78, Wells Fargo admits that the Plaintiff stopped making her mortgage payments in violation of her promissory note and deed of trust, and commenced this lawsuit.  Wells Fargo denies the remaining allegations.

---

[1]     There are no Paragraphs 70 – 75 in the Third Amended Complaint on file with this Court, as page 19 appears to be missing.  Wells Fargo reserves all objections to the allegations contained in those missing paragraphs until such time as the Plaintiff files a notice of errata, as may be appropriate.

11.   Answering Paragraphs 79 – 108, these allegations relate to defendants and/or claims that have been dismissed, the allegations violate Fed. R. Civ. P. 8(a), and therefore require no response from Wells Fargo.

12.   Answering Paragraphs 109 – 112, while the allegations contained in these Paragraphs are set forth under the title of "Fraudulent Misrepresentation," and the Court has allowed the Plaintiff's fraud claim to proceed as against Wells Fargo, the allegations contained in these Paragraphs do not relate to the facts that the Plaintiff contends to support her fraud claim against Wells Fargo as articulated in her Response to the Defendants' Motion to Dismiss.  As a result, the allegations contained in these Paragraphs relate to defendants and/or claims that have been dismissed, the allegations violate Fed. R. Civ. P. 8(a), and therefore require no response from Wells Fargo.

13.   Answering Paragraphs 113 – 137, these allegations relate to defendants and/or claims that have been dismissed, the allegations violate Fed. R. Civ. P. 8(a), and therefore require no response from Wells Fargo.

14.   Wells Fargo denies each and every allegation in the Third Amended Complaint not admitted or otherwise responded to herein.

## JURY DEMAND

Wells Fargo requests a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted as against Wells Fargo.

2.   Plaintiff cannot prove some or all of the elements of her fraud claim against Wells Fargo.

3.   Plaintiff's fraud claim may be barred by the statute of limitations and/or doctrine of laches.

4.   Plaintiff failed to mitigate some or all of her damages as alleged against Wells Fargo.

5.      Plaintiff did not suffer any actual damages as a result of Wells Fargo's alleged acts or omissions.

6.      Plaintiff cannot establish any actual damages associated with her fraud claim with reasonable certainty.

7.      Plaintiff's damages, if any, are speculative and remote and may not form the basis of any judgment against Wells Fargo.

8.      Plaintiff's fraud claims should be barred by the doctrine of unclean hands.

9.      Plaintiff's fraud allegations may be barred in whole or in part by the statute of frauds.

10.     The factual allegations upon which the Plaintiff's fraud claim against Wells Fargo is based are not clear from the factual allegations alleged in the Third Amended Complaint on file with this Court.  As a result, Wells Fargo reserves its right to assert additional defenses as may be appropriate as the Plaintiff discloses the factual basis of her fraud claim through discovery.

**WHEREFORE**, having answered the Plaintiff's Third Amended Complaint, Wells Fargo Bank, N.A. prays for judgment as follows:

A.      That the Plaintiff's Third Amended Complaint be dismissed and that the Plaintiff take nothing thereby;

B.      That Wells Fargo have and recover its reasonable costs and attorneys' fees incurred in the defense of this matter; and

C.      For such other and further relief as the Court deems just and proper.

DATED this 2nd day of November, 2009.

SNELL & WILMER L.L.P.


By: s/Melissa A. Marcus
        Gregory J. Marshall
        Melissa A. Marcus
        One Arizona Center
        400 E. Van Buren
        Phoenix, Arizona 85004-2202
        Attorneys for Wells Fargo Bank, N.A. d/b/a
        America's Servicing Company

## **CERTIFICATE OF SERVICE**

I hereby certify that November 2nd, 2009, I electronically transmitted the attached document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Beth K. Findsen, Esq.
LAW OFFICES OF BETH K. FINDSEN, PLLC
7279 E. Adobe Drive, Suite 120
Scottsdale, AZ 85255

s/Nicole Whitney
10705137.2

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000