**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Blau, | No. CV-08-773-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| America's Servicing Company, | |
| Defendant. | |

Currently pending before the Court are Plaintiff Patricia Blau's Motion for Reconsideration, (Dkt.#109), and Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company's Motion for Leave to File Amended Answer, (Dkt.#118). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Relief under Rule 59(e) is appropriate only if: (1) "the motion is 'necessary to correct manifest errors of law or fact upon which the

1 judgment is based'; (2) the moving party presents 'newly discovered or previously
2 unavailable evidence'; (3) the motion is necessary to 'prevent manifest injustice'; (4) there
3 is an 'intervening change in controlling law.'" Turner v. Burlington Northern Santa Fe R.
4 Co., 228 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253,
5 1254 n. 1 (9th Cir. 1999)). "Rule 59(e) . . . 'may not be used to relitigate old matters, or to
6 raise arguments or present evidence that could have been raised prior to the entry of
7 judgment.'" Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 n. 5 (9th Cir. 2008)
8 (quoting 11 Wright & Miller, supra, § 2810.1, at pp. 127-128). In deciding whether to grant
9 a Rule 59(e) motion, a district court has broad discretion, and its decision is reviewed under
10 an abuse of discretion standard. Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1115 (C.D.
11 Cal. 2006) (citations omitted).

12 Here, Blau has made no showing that the Court should revise its September 29, 2009
13 Order, which granted, in part, Defendants' Motion to Dismiss. Plaintiff filed the instant
14 motion requesting that the Court amend its dismissal order pursuant to Fed. R. Civ. P. 59(e)
15 citing the possibility that it may discover potentially relevant "new information."
16 Specifically, Plaintiff has asked the Court to "vacate the [Order] and stay the claims against
17 these parties, pending its expedited discovery requests" because they "could easily lead to
18 expedited resolution of this case." As Defendants note, the Court has already determined that
19 the Plaintiff is unable to state legally cognizable claims against US Bank, MERS, and (with
20 one exception) Wells Fargo. Plaintiff's motion to alter or amend the judgment does not
21 identify any "new information" that could change this result. Furthermore, although Plaintiff
22 contends that Defendants have refused to turn over potential relevant documents "in a race
23 to obtain final orders or judgments before the facts can become known and the merits of the
24 case are presented," Plaintiff does not identify what documents have been sought and refused
25 to be turned over, nor does she identify what information such documents might reveal and
26 how such information would enable the Court to revisit its September 29, 2009 Order. As
27 the Parties are aware, a motion for reconsideration is an extraordinary remedy, one that is
28 seldom used and only when justice so requires. Here, Plaintiff has not shown that she is

entitled to the unusual relief that she requests. As such, her request for reconsideration must be denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff Patricia Blau's Motion for Reconsideration, (Dkt.#109).

**IT IS FURTHER ORDERED** granting Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company's Motion for Leave to File Amended Answer, (Dkt.#118).

DATED this 24th day of November, 2009.

Mary H. Murguia
United States District Judge